SAWYER & ux. versus GOODWIN.

It is only in the *form* of declaring, and not in any *matter of substance*, that the R. S. c. 115, § 13, has abolished the distinction between *trespass* and *case.*

An allegation of breaking and entering into land, is of *substance* and not of form merely.

A count, containing no such allegation, but framed technically in *case*, for injuries done to land, or in *trespass de bonis* for goods taken from it, cannot be sustained by merely proving an unlawful entry.

Nor can a declaration in trespass *quare clausum,* alleging *immediate* acts of injury to land, be sustained by merely proving an injury, *consequentially* resulting from acts done upon other land.

To such a declaration, an amendment, introducing a count, *framed as in case,* alleging the damages to have been *consequential,* is not allowable.

On Report from *Nisi Prius.*

Trespass, charging that the defendant with force and arms *broke and entered* the plaintiffs' close, and then and there carelessly and negligently set on fire and destroyed their trees and underwood. At the trial, the plaintiffs offered evidence of an injury to their land, resulting from the defendant's having carelessly set a fire upon his own land, which adjoined the plaintiffs'.

They then moved for leave to amend the declaration by inserting a count, in the form of a count of *trespass on the case,* alleging the injury to have been *consequential.* For the allowance of this amendment, they relied upon R. S. c. 115, § 13.

Whether the amendment could be allowed, was the question submitted for decision.

*Shepley* and *Dana* and *Ayer,* for the plaintiffs.

*Swazey,* for the defendant.

Tenney, J. — It is provided in c. 115, § 13, of the R. S. that " in all actions of trespass, and trespass on the case, the declaration shall be deemed equally good and valid, to all intents and purposes, whether the same shall be in form a declaration in trespass, or trespass on the case." When the whole section is examined in connection, it is obvious that the design of the Legislature was to abolish the distinction between two classes of cases, in *the form only* of declaring in the writ ; so that proof, which should make out a case of one class, should not fail of effect on account of the writ being appropriate for the other class. But in cases, where the distinction is really of substance, the provision is inapplicable.

To entitle a party to damage for an unauthorized entry

upon his real estate, it cannot be doubted that there should be an allegation in the writ, that the defendant broke and entered the same.  This is more than form, as a consideration of the various effects resulting therefrom will show.  In an action of trespass and trespass on the case, there being no breach of the close alleged, the jurisdiction of the Courts, the pleadings of the defendant, the costs and the consequences of one and the other are the same.  But an action of trespass *quare clausum fregit* may be unlike the two former, in all these particulars.  In the action of trespass *quare clausum* the jurisdiction is local; it admits of different pleas in defence; and if the defence is upon a plea of title to the real estate, certain tribunals having jurisdiction of other trespasses are ousted thereof, and can proceed no farther in their judicial capacity.  Costs are governed by different rules, and disputed titles to real estate may be as fully settled as in real actions.

We cannot suppose, that it was contemplated, that in a declaration of trespass on the case, or trespass *de bonis asportatis* in technical form, proof simply of a breach of the close, on which the injury was alleged to have been done, in the one, or from which the goods described as unlawfully taken in the other, would be sufficient to maintain the action.  Or, that under a count for trespass *quare clausum*, without alleging any thing further in aggravation, evidence of injuries to the plaintiff's close described, occasioned by some remote act of the defendant upon his own land; or taking from the defendant's land, the plaintiff's goods without authority, would be attended with the same consequences as would satisfactory proof of a forcible breach of the close.  Such a construction would at once break down all the established doctrines, in relation to venue, jurisdiction of different tribunals, costs, and title to property.

It is true, that counts for trespass *quare clausum* and trespass *de bonis asportatis* may be joined in the same action.  And it is competent to allow an amendment, by adding a count for goods taken in an action of trespass upon real

estate, wherein is alleged, by way of aggravation, the taking of the same goods described in the new count. *Bishop* v. *Baker*, 19 Pick. 517. Without adding any new cause, this presents the charges in distinct form, so that the pleadings of the defendant, if necessary, may be shaped, so as to be applicable to one count and the other; and the issues under each be proper and well understood, and the findings of the jury be a matter of record, and the legal results arising therefrom, be distinctly known and established. But it cannot be admitted that a plaintiff would be entitled to a general verdict on both counts, on proof which would sustain only the last. It is believed no case can be found, where to a declaration of trespass *quare clausum* with an allegation of damages as aggravation, *entirely consequential*, an amendment by the addition of a new count for such damages, has been admitted. The declaration in the writ of the plaintiff, as it was, when the action was brought, is defective and the amendment proposed is inadmissible.

SHEPLEY, C. J. and HOWARD and APPLETON, J. J., concurred. — WELLS, J. though concurring in the result of the opinion, dissented from its reasonings.

*Plaintiff nonsuit.*